||UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA||

| | |
|---|---|
| JULIE BURROWS,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | CASE NO. 3:16-CV-05853-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 28, 2017 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Julie Burrows filed this matter seeking judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the opinions of Drs. Sarah Rogers, M.D. and Leslie Postovoit, Ph.D. Had the ALJ properly evaluated the medical opinion evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful and the Court

recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

In 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of April 11, 2008. *See* Dkt. 15, Administrative Record ("AR") 21. The application was denied upon initial administrative review and on reconsideration. *See* AR 21. A hearing was held before ALJ Wayne N. Araki on February 3, 2015. *See* AR 39-93. At the hearing, Plaintiff amended her disability onset date to August 17, 2012. AR 45. In a decision dated April 13, 2015, the ALJ determined Plaintiff to be not disabled. AR 21-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff argues the ALJ erred by failing to properly consider the medical opinions of Dr. Sarah Rogers, M.D. and Dr. Leslie Postovoit, PhD. *See* Dkt. 17, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly weighed the medical opinion evidence.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. <u>Dr. Rogers</u>

Plaintiff first argues the ALJ erred when he assigned little weight to the opinion of treating physician Dr. Sarah Rogers, M.D. Dkt. 17, pp. 3-9. On July 11, 2012, Dr. Rogers completed a functional assessment of Plaintiff. *See* AR 796-803. Dr. Rogers opined that Plaintiff's work function is impaired by fusion of the lumbar spine and arthritis in her knees, feet, hands, and left shoulder. AR 355, 796, 800. Plaintiff cannot sit or stand for prolonged periods of time. AR 355, 796. Plaintiff would also be limited in her ability to squat or kneel down, climb stairs or ladders, type, or do repetitive gripping and grasping because of her polyarthritis. AR

355. Dr. Rogers also opined Plaintiff can lift a maximum of 10 pounds and can frequently lift two pounds. AR 796.

The ALJ discussed Dr. Rogers' findings and determined Dr. Rogers' opinion is:

> Inconsistent with the claimant's longitudinal treatment history and performance on physical examinations set forth above. [Plaintiff] has consistently been neurologically intact with no strength or sensory deficits. Imaging completed subsequent to Dr. Roger's opinion showed intact hardware and good disc space bilaterally and no evidence of periarticular erosive process of hands.

AR 31.

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

The ALJ provided a conclusory statement finding Dr. Rogers' opinion is "inconsistent with the claimant's longitudinal treatment history and performance on physical examinations." AR 31. The ALJ references two treatment records, both concerning results from x-rays performed on September 8, 2012. AR 31, 341-43, 357. Though he makes abbreviated mention of the imaging results, the ALJ does not explain how the x-ray results are inconsistent with Dr. Rogers' findings. AR 31. The ALJ also found "[Plaintiff] has consistently been neurologically intact with no strength or sensory deficits." AR 31. However, he again does not explain how

Plaintiff's neurological testing is inconsistent with Dr. Rogers' findings regarding the limitations caused by Plaintiff's lumbar fusion and arthritis. *See* AR 31.

Since the ALJ did not provide an adequate explanation, the Court cannot determine if the ALJ's decision to give little weight to Dr. Roger's opinion is supported by specific, substantial evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). The Court finds the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Rogers' opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ included all Dr. Rogers' limitations in the RFC, Plaintiff may have been found disabled. For example, Dr. Rogers opined Plaintiff can lift a maximum of 10 pounds and 2 pound frequently. AR 796. The ALJ, however, limited Plaintiff to lifting 20 pounds on occasion and 10 pounds frequently. AR 25. Further, Dr. Rogers opined Plaintiff cannot sit or stand for a

1    prolonged period. AR 796. The ALJ found Plaintiff could walk or stand for 30 minute intervals,

2    could be on her feet for a total of four hours a day, and could sit for two-hour intervals during an

3    eight-hour day which does not appear to be as severe as the limitations opined to by Dr. Rogers.

4    AR 25. If all the limitations opined to by Dr. Rogers were included in the RFC and in the

5    hypothetical questions posed to the vocational expert, Leta Berkshire, the ultimate disability

6    determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal.

7        B.  Dr. Postovoit

8        Plaintiff also alleges the ALJ failed to properly consider the portion of the opinion of

9    state agency consultative physician, Dr. Leslie Postovoit, Ph.D., related to Plaintiff's limitations

10   on concentration, persistence, or pace. Dkt. 17, pp. 9-13. Dr. Postovoit completed a Mental RFC

11   assessment of Plaintiff on October 8, 2013. AR 127-28. Dr. Postovoit found, in relevant part,

12   Plaintiff was moderately limited in her ability to perform activities within a schedule, maintain

13   attendance, be punctual within customary tolerances, complete a normal workday or workweek

14   without interruption from psychologically based symptoms and perform at a consistent pace, and

15   maintain attention and concentration for extended periods. AR 127-28. She noted Plaintiff would

16   have episodic lapses in attention, concentration, and pace due to her psychological symptoms.

17   AR 128.

18       As discussed above, "an ALJ errs when he rejects a medical opinion or assigns it little

19   weight while doing nothing more than ignoring it, asserting without explanation that another

20   medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

21   substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (*citing Nguyen v. Chater*,

22   100 F.3d 1462, 1464 (9th Cir.1996)).

23       Regarding Dr. Postovoit's opinion, the ALJ stated, in relevant part:

24

> To the extent that Dr. Mee's and Dr. Postovoit's assessments that the claimant would have episodic lapses in attention, concentrations, and pace due to psychological symptoms indicates more severe restrictions, I do not accept that portion of their assessments based on **the evidence**.

AR 29 (emphasis added). Here, the ALJ provided only a conclusory statement finding "the evidence" does not support Dr. Postovoit's opinion as to Plaintiff's limitations regarding her lapses in attention, concentration, and pace. The ALJ failed to identify any specific finding contained within "the evidence" which contradicts Dr. Postovoit's opinion. As a result, the Court cannot determine the basis for the ALJ's rejection of Dr. Postovoit's opinion. Accordingly, the ALJ's conclusory statement finding Dr. Postovoit's opinion unsupported by the evidence is insufficient to reject her opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Postovoit's opinion. Accordingly, the ALJ erred. Had the ALJ properly considered the opinion of Dr. Postovoit, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for

1 further proceedings consistent with this Report and Recommendation. The undersigned also

2 recommends judgment be entered for Plaintiff and the case be closed.

3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

6 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 28, 2017,

8 as noted in the caption.

9       Dated this 13th day of July, 2017.

                                                David W. Christel
                                                United States Magistrate Judge